IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**STEVEN HOLMES**, *Individually,*
*on behalf of himself and on behalf*
*of others similarly situated*,

    Plaintiff,

    v.    Case No. _____

**AMERCABLE CORPORATION,**
**D/B/A NEXANS AMERCABLE, INC.**    FLSA Opt-In Collective Action
**JURY TRIAL DEMANDED**

    Defendant.

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Named Plaintiff, Steven Holmes ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid lead processing employees of Amercable Incorporated, d/b/a Nexans Amercable, Inc., by and through his counsel, brings these claims for "off-the-clock" overtime violations as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Amercable Incorporated, d/b/a Nexans Amercable, Inc. ("Defendant") and, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief and, based upon the investigation made by his counsel, alleges as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff performed work for Defendant in this District and Defendant conducted business within this District during all times material to this action. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Collective Action Complaint occurred within this District.

## II.   PARTIES

4. Plaintiff Steven Holmes worked as an hourly-paid lead processing employee of Defendant at its Eldorado, Arkansas facility during the three (3) year period immediately preceding the filing of this Collective Action Complaint. Plaintiff Holmes' Consent to Join this Collective Action as a Named Plaintiff is attached hereto as *Exhibit A*.

5. Plaintiff worked as an hourly-paid lead processing employee of Defendant at its El Dorado, Arkansas manufacturing facility during all times material to this action. Plaintiff seeks to send notice of this action pursuant to 216(b) to current and former hourly paid lead processing employees who were required to wear lead protective gear as an integral and indispensable part of their job during all times material herein.

6. Defendant is a Delaware Corporation with its principal address located at 350 Bailey Road, El Dorado, Arkansas 71730. Defendant is an employer, as defined in 29 U.S.C. § 203(d) and can be served process via its registered agent at 300 Spring Building, Suite 900, 300 Spring Street, Little, Rock, Arkansas 72201.

## III.   FLSA COVERAGE

7. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA.

8. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by the FLSA.

9. During all times material to this action, Defendant employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

10. Defendant's employees also engaged in interstate commerce on behalf of Defendant during all times material to this action.

11. Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

## IV. FACTUAL ALLEGATIONS

12. Defendant is a cable products and solutions company with manufacturing facilities in Arkansas, South Carolina and Texas. (Plaintiff worked for Defendant as a lead processing employee at Defendant's El Dorado manufacturing plant during all times material.)

13. Plaintiff and those similarly situated were employed by Defendant and routinely worked 40 hours or more per week within weekly pay periods during all times material to this action.

14. At all times material, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff and those similarly situated.

15. Defendant had a common plan, policy and practice of failing to compensate Plaintiff and those similarly situated for their time spent donning lead protective gear at Defendant's work place prior to the beginning of their respective shifts within weekly pay periods during all times material, without being compensated for such time at the applicable FLSA overtime compensation rates of pay.

16. Donning of such lead protective safety gear was an integral and indispensable part of their job activities.

17. The protective gear that Defendant required Plaintiff and those similarly situated to wear as an integral and indispensable part of their job activities consisted of lead protective coveralls ("jump suits"), protective gloves, safety glasses and steel-toed boots.

18. The donning of such lead protective gear at Defendant's work place constituted the first principal work activity of Plaintiff and others similarly situated for each of their respective work days during all times material.

19. As such, the time spent after donning their lead protective gear in walking to and waiting at their respective work stations is compensable at the applicable FLSA overtime compensation rates of pay.

20. In addition, Defendant had a common practice of requiring, inducing, encouraging, expecting, and suffering and permitting, Plaintiff and those similarly situated to commence their work several minutes before the beginning of their respective shifts in order to relief the prior shift employees in time to doff their lead protective gear prior to the ending of their respective shifts.

21. Plaintiff and those similarly situated did perform such pre-shift "off the clock" work in order to relief their prior shift employees in time to doff their lead protective gear prior to the ending of their respective shifts.

22. However, Plaintiff and those similarly situated were not compensated for such pre-shift "off the clock" time at the applicable FLSA overtime compensation rates of pay within weekly pay during all times material to this action.

23. Defendant has/had actual and constructive knowledge of Plaintiff and other similarly situated employees performing such "off-the-clock" work prior to the beginning of their respective shifts, without being compensated for such time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

24. Considering that Plaintiff and other similarly situated employees worked forty (40) or more hours within weekly pay periods during all times material, had they properly been compensated for all "off-the-clock" work, such time would have been added to their weekly overtime hours and treated as overtime for purposes of calculating and computing overtime compensation under the FLSA.

25. The unpaid wage claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's FLSA violations.

26. Defendant failed to accurately record actual hours worked by Plaintiff and others similarly situated as required by the FLSA, 29 C.F.R. §516.2(a)(7).

27. Defendant's failure to compensate Plaintiff and others similarly situated for all their "off the clock" time was willful and with reckless disregard to established FLSA overtime requirements and, without a good faith basis.

28. As a result of Defendant's improper and willful failure to pay Plaintiff and others similarly situated in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

29. The net effect of Defendant's common plan, policy and practice of failing to pay Plaintiff and other similarly situated employees for all their "off the clock" work time was a scheme to save payroll costs and payroll taxes for which it has unjustly enriched itself and has enjoyed ill gained profits at the expense of Plaintiff and those similarly situated.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

31. Plaintiff seeks to send notice to:

> All current and former hourly-paid lead processing employees of Defendant who were required to wear lead protective gear as part of their job activities and who performed compensable activities "off the clock" without being compensated for such time anywhere in the United States during the three (3) year period preceding the filing of the original Complaint and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).
> ("class members").

32. Plaintiff believes the definition of the class could be further refined following discovery of Defendant's pay and time keeping records

33. During all times material, Defendant required Plaintiff and others similarly situated to work during weekly pay periods without receiving full compensation and, to work more than forty (40) hours per week within weekly pay periods without being paid overtime compensation for such work time in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

34. Plaintiff and class members are similarly situated because Defendant employed a common pay system to the class with respect to its common plans, policies and practices of failing to pay them for "off the clock" work time, including compensation at one-and one-half

    times their regular hourly rate of pay for all such "off the clock" overtime work in excess of forty (40) per week within weekly pay periods during all times material.

35. This lawsuit also is maintained as a collective action because Plaintiff and class members have been deprived of overtime compensation due to Defendant's common plan, policy and practice of failing to compensate them for "off the clock" work time, as previously described.

36. In addition, Plaintiff and class members are similarly situated in that their unpaid "off the clock" wage claims are unified through a common theory of Defendant's FLSA violations.

37. Defendant knew Plaintiff and class members' "off the clock" work required additional wages and overtime compensation to be paid them. Nonetheless, it operated under the aforementioned common plans, policies and practices (schemes) to deprive Plaintiff and others similarly situated of wages and overtime compensation as required by the FLSA.

38. The claims of Plaintiff are typical of the claims of the class.

39. Plaintiff and the other members of the class who work or have worked for Defendant are and were subject to its same and common operational, compensation and time keeping plans, policies and practices, including Defendant's common plan, policy and practice of working them "off the clock" without compensating them for such work time.

40. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class.

41. Plaintiff has no interests adverse to the class and, he has retained competent counsel who are experienced in collective action litigation.

42. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation

      suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

43. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the previously described unlawful policies, practices, and procedures implemented and administered by Defendant.

44. Defendant's conduct, as alleged herein, was willful and with reckless disregard to established FLSA overtime requirements.

45. Defendant's conduct was without a good faith basis.

46. Defendant's conduct has caused significant damage and loss of wages and overtime compensation to Plaintiff and class members.

47. Plaintiff requests the Court to authorize notice to the members of the collective class, to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages, attorney's fee, costs, and the other relief requested herein.

48. Plaintiff estimates there are more than 80 members of the collective class. The precise number of collective class members can be easily ascertained in part by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice in Defendant's manufacturing facilities in Arkansas, Texas and South Carolina.

## CAUSE OF ACTION
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

49. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

50. Plaintiff and other current and former lead processing employees have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), as previously addressed.

51. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

52. Plaintiff and other lead processing employees regularly performed "off the clock" work within weekly pay periods during all times material but were not paid for such "off the clock" hours work at the applicable FLSA overtime compensation rates of pay.

53. Through its common plans, policies, practices and actions, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and other similarly situated individuals for all actual hours worked, including overtime hours worked.

54. The "off the clock" unpaid wage claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

55. Plaintiff and other class members are similarly situated in that they have been subjected to Defendant's common plan, policy and practice of working them "off the clock" without compensating them for such "off the clock" work hours - during all times material.

56. The foregoing actions of Defendant violated the FLSA.

57. Defendant's conduct was willful and not in good faith.

58. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and other similarly situated lead processing employees have suffered and will continue to suffer a loss of income and other damages.

59. Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class request the Court to enter judgment in their favor on this Collective Action Complaint and:

a. Award judgment in favor of Plaintiff and class members against Defendant for an amount equal to their back wages pursuant to the applicable wage and overtime rates;

b. For certification of and notice to the collective class as further defined and determined by motions practice;

c. Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

d. Find and declare that Defendant's violations were not based on good faith.

e. Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f. Award prejudgment interest (to the extent that liquidated damages are not awarded);

g.  Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h.  Award pre- and post-judgment interest and court costs as further allowed by law;

i.  Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and,

j.  Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demand a **trial by jury** as to all issues.

Dated: December 19, 2023.                     Respectfully Submitted,

                                                              */s/ J. Russ Bryant*_____

J. Russ Bryant (TN BPR #33830)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND THOSE SIMILARLY SITUATED***